Matter of Attorneys In Violation of Judiciary Law § 468-a. (Dorsett) (2019 NY Slip Op 05751)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Dorsett)


2019 NY Slip Op 05751


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; RANDOL MARK ANTHONY DORSETT, Respondent. 
(Attorney Registration No. 4257168)

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Randol Mark Anthony Dorsett, Nassau, Bahamas, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2004. The following year, he was also admitted to practice in the Bahamas, where he currently lists a business address with the Office of Court Administration.
By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1030 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). At the time that petitioner's application to suspend respondent, among others, was filed in October 2013, respondent had not fulfilled his attorney registration requirements since the 2004-2005 biennial period. Respondent now moves, by application marked returnable June 3, 2019, for his reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and petitioner advises that it defers to the Court's discretion with respect to respondent's application.
In light of the length of his suspension, respondent properly submits a sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d 1161 [2018]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his suspension and that he is now current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the submitted materials and respondent's affidavit, we are satisfied that he has sufficiently complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Brown], 172 AD3d 1818 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Obele], 169 AD3d 1154, 1155 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.